IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER GIBBS, JR. # 20130737 *
　*
Plaintiff, *
　*
v * Civil Action No. PWG-13-3108
　*
STATE COMMISSIONER, # 2124 *
　*
Defendant *
　***

**MEMORANDUM**

Before the Court for preliminary screening is Christopher Gibbs, Jr.'s complaint against "State Commissioner # 2124." ECF No. 1. Gibbs alleges that on September 10, 2013, "County Commissioner ID # 2124 denied me the right to have counsel present at my initial appearance." ECF No. 1.[1] As redress, he asks for unspecified "injunctive declaratory relief."

Gibbs has not paid the filing fee, but instead has filed a motion for leave to proceed in forma pauperis, ECF No. 2, which shall be granted. Title 28 U.S.C. §§ 1915 and 1915A permit an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any case that "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

This court is mindful of its obligation to construe liberally the pleadings of pro se litigants such as Gibbs. *See Erickson v. Pardus*, 551 U.S. 8 9, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that I

---

[1] Information accessed on the Maryland Judiciary case search website indicates Gibbs is charged with second-degree burglary and related offenses in the Circuit Court for Wicomico County in Case No. 22K13000709, and is represented by counsel from the Office of the Public Defender. *See* http://casesearch.courts.state.md.us/inquiry/inquiry Search.jis.

can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

To the extent Gibbs asks for federal intervention in his ongoing criminal proceedings, his claim fails. Absent extraordinary circumstances not alleged here, federal courts may not interfere with pending state criminal proceedings, *see Younger v. Harris*, 401 U.S. 37, 44 (1971), and federal district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims could be presented in the ongoing state judicial proceeding. *See Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52–53 (4th Cir.1989).

The United States Court of Appeals for the Fourth Circuit has recognized that *Younger* abstention is appropriate "in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Management Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). Conversely, *Younger* abstention is not applied where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Nivens v. Gilchrist*, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted).

To prevail under the bad faith exception, a litigant must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 890 (10th Cir. 1997).

2

To the extent that Gibbs claims his state criminal proceedings violate his constitutional rights, "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975).[2]

I find that the *Younger* abstention doctrine applies in this case. First, criminal proceedings are ongoing. Second, a pending state criminal proceeding clearly implicates an important state interest. Third, Plaintiff, who is represented by counsel in the state criminal action, has the opportunity to present his claims to the state court. Lastly, the allegation that Gibbs was not provided counsel during his initial appearance before a court commissioner is insufficient to demonstrate bad faith.

For these reasons, this case will be dismissed without prejudice and this case closed by separate Order to follow.

11/5/13
Date

Paul W. Grimm
United States District Judge

---

[2] Gibbs may pursue redress in the state courts of Maryland as appropriate. This Court expresses no opinion in regard to the merits of his claims.